CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 17 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CITY NATIONAL BANK, a national banking association, as acquirer of certain assets from the Federal Deposit Insurance Corporation acting as receiver of Imperial Capital Bank, <br><br> Plaintiff, <br> v. <br><br> MOISHE TRESS, et al., <br><br> Defendants. | Civil Action No.: 7:11-cv-73 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. James C. Turk <br> Senior United States District Judge |

This matter is before the Court on Defendant's Motion to Dismiss. ECF No. 35.[1] Both parties have filed briefs and a hearing was held on December, 14, 2012; the matter is now ripe for disposition. For the reasons set forth below, the Motion to Dismiss is **DENIED**.

I.  FACTUAL AND PROCEDURAL BACKGROUND

For purposes of the motion to dismiss, the facts in the complaint are taken to be true. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Eastern Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). On December 27, 2006, Imperial Capital Bank loaned $3,200,00.00 to Roanoke Holdings, LLC ("Roanoke Holdings"). Defendants Tress and Dachs, on behalf of Roanoke Holdings, signed a promissory note ("Note") in favor of Imperial Capital Bank, promising to repay the loans on the terms and conditions stated therein.

As a condition of Roanoke Holdings receiving the loan, Imperial Capital Bank also required personal guaranties from Defendants Tress and Dachs ("Guaranty"). Defendants agreed

---

[1] The Court has already entered judgment against Defendant Dachs. ECF No. 29. Tress is the only remaining Defendant.

1

to pay the monies due under the Note. At all times relevant to this matter, Plaintiff City National Bank ("CNB"), a national banking association, as acquirer of certain assets from the Federal Deposit Insurance Corporation acting as receiver of Imperial Capital Bank, is and/or was the owner, holder, and/or person entitled to enforce the Note and Guaranty.

On or after November 1, 2009, Roanoke Holdings ceased making payments on the Note and Defendants Tress and Dachs have not made any payments as personal guarantors of the Note.

## II. LEGAL STANDARD

The standard on a motion to dismiss is familiar: to survive a motion to dismiss, the plaintiff's allegations must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "It requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

## III. ANALYSIS

Because the Court's jurisdiction is based on the diversity of the parties, the Court applies the choice of law rules of Virginia, the forum state. "Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances." Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 624 (4th Cir. 1999). Because the parties chose Virginia law in the contract,[2] the Court will apply Virginia substantive law.

In support of the Motion to Dismiss, Tress sets forth three arguments: CNB has not sufficiently alleged that it is the holder of the Note, the Note was not properly endorsed to CNB

---

[2] Under Section Fourteen (14) of the Guaranty, the Guaranty "shall be governed by the laws of the jurisdiction in which the Land is located (the "Property Jurisdiction")." ECF No. 1-5, Ex. E, at § 14. It is undisputed that the land is located in Roanoke, Virginia. Therefore, Virginia law applies.

2

and therefore CNB cannot enforce the Note, and the Note is conditional and therefore unenforceable. The Court need not address these arguments because the Court concludes that even if all of these arguments are correct, they affect only the enforceability of the Note, not Tress's obligations under the Guaranty. Tress incorrectly asserts that "[i]f the Note is not enforced, Mr. Tress's obligations under the Note are not triggered. Therefore, unless CNB can enforce the obligation underlying the Guaranty, to wit, the Note, it cannot state a claim for which relief can be granted." ECF No. 36, Mem. Supp. Mot. Dismiss, at 4. Tress cites no authority for his claim that the Guaranty is unenforceable if CNB cannot also enforce the Note. In fact, the Supreme Court of Virginia has concluded the opposite.

> Under Virginia law, a guaranty is
>
> <u>an independent contract</u>, by which the guarantor undertakes, in writing, upon a sufficient undertaking, to be answerable for the debt, or for the performance of some duty, in case of the failure of some other person who is primarily liable to pay or perform. . . . <u>In an action to enforce an independent contract of guaranty, the obligee is proceeding on the guaranty, not on the underlying note</u>. Thus, to recover on a guaranty, <u>the obligee must establish, among other things, the existence and ownership of the guaranty contract, the terms of the primary obligation and default on that obligation by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty contract</u>. . . .
>
> The non-enforceability of a note as to the maker does not necessarily extinguish the obligation. See <u>Fidelity & Cas. Co. v. Lackland</u>, 175 Va. 178, 187, 8 S.E.2d 306, 309 (1940) (running of statute of limitations against primary obligor does not extinguish debt of guarantor). However, if there is no obligation on the part of the principal obligor, then there is also none on the guarantor. . . .

<u>McDonald v. Nat'l Enter. Inc.</u>, 547 S.E.2d 204, 207 (Va. 2001) (emphasis added). What is clear from <u>McDonald</u> is that an action seeking to enforce a guaranty does not depend exclusively on the validity of the note, but is an independent contract. Thus, even though the statute of limitations had run on the note in <u>Lackland</u>, the plaintiff was still able to seek relief on the guaranty. Of course, as the Supreme Court of Virginia made clear, if the principal debtor or obligor has no obligation to pay the debt, then neither does the guarantor.

3

In the instant case, none of Tress's grounds for dismissal address the central question—whether CNB has stated a plausible claim for relief. Because the Guaranty is independent from the Note, the relevant question is whether CNB has sufficiently pleaded the elements required by the Supreme Court of Virginia: "the existence and ownership of the guaranty contract, the terms of the primary obligation and default on that obligation by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty contract." McDonald, 547 S.E.2d at 207. The Court concludes that CNB has in fact stated a plausible claim for relief. CNB alleged the existence of the Guaranty. ECF No. 1, Compl. ¶¶ 30-32; ECF No. 1-5, Ex. E. CNB alleged ownership of the Guaranty. ECF No. 1, Compl. ¶¶ 34-35. CNB has alleged the terms of the Guaranty, ECF No. 1, Compl. ¶ 33, and attached the Guaranty contract to the Complaint. ECF No. 1-5, Ex. E. CNB alleged the terms of the primary obligation and the default of the obligation by the debtor, Roanoke Holdings, LLC. ECF No. 1, Compl. ¶¶ 6-15, 22-28; ECF No. 1-1; ECF No. 1-2. CNB has also alleged the nonpayment by Tress as the guarantor. ECF No. 1, Compl. ¶¶ 33-40; ECF No. 1-5, Ex. E.

Defendant's main contention at oral argument was that the deficiencies of the Note, especially as sought to be enforced by CNB, go to the obligation owed by the debtor and not to the enforceability of the debt by CNB against the debtor. That may be the case, but the fact remains that CNB has plausibly pleaded every required element. CNB may not be able to provide evidence that the debt obligation still exists, but that is a matter properly addressed on a motion for summary judgment.[3]

Because CNB has plausibly pleaded a claim for relief on all the elements required by the Supreme Court of Virginia on a claim on a guaranty, the Court **DENIES** the Motion to Dismiss.

---

[3] At oral argument, Plaintiff noted that default judgment has been entered against Roanoke Holdings, LLC, the principal debtor under the Note and Guaranty. The Court expresses no opinion on the effect of entry of default as to whether the obligation is due for purposes of the Guaranty.

4

## IV. CONCLUSION

The Court **DENIES** the Defendant's Motion to Dismiss. ECF No. 35.

ENTER: This 17th day of December, 2012.

*/s/ James C. Turk*
Hon. James C. Turk
Senior United States District Judge